**Kultar SINGH, Petitioner,**

v.

**Alberto GONZALES,* Attorney General, Respondent.**

No. 04–73316.

United States Court of Appeals, Ninth Circuit.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted March 23, 2005.\*\*

Decided April 4, 2005.

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Karen L. Stevens, Esq., DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM \*\*\*

Kultar Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. The IJ offered specific, cogent reasons for the finding based on an inconsistency between petitioner's testimony and application regarding his second detention, the failure to present sufficient corroborating evidence, and petitioner's evasive demeanor. *See id.* at 1043; *Sidhu v. INS*, 220 F.3d 1085, 1092 (9th Cir.2000) (stating that the IJ may require corroboration if credibility is suspect); *Wang v. INS*, 352 F.3d 1250, 1256–57 (9th Cir.2003) (holding that demeanor and inconsistencies supported adverse credibility finding).

Because petitioner failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

In addition, substantial evidence supports the denial of relief under CAT. *See id.* at 1157.

PETITION FOR REVIEW DENIED.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.